# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NEW PRIME, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:21-03041-CV-RK |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are (1) Plaintiff New Prime, Inc.'s verified motion for default judgment (Doc. 30) and (2) Defendant Federal Insurance Company's motion for reconsideration, or alternatively, motion to set aside clerk's entry of default or renewed motion for extension of time (Doc. 36). For the reasons set forth below, Plaintiff's motion for default judgment is **DENIED** and Defendant's motion to set aside clerk's entry of default is **GRANTED**.

### Background

Plaintiff filed a petition for declaratory judgment in the Circuit Court of Greene County, Missouri on January 18, 2021. Defendant received valid service of process of the summons and petition on February 1, 2021, by a process server's personal service of the petition on Defendant's authorized agent, the Missouri Division of Insurance, as well as by service of the summons and petition on the attorney representing Defendant at that time. On February 17, 2021, Defendant filed its notice of removal, in which Defendant expressly acknowledged its receipt of service of process on February 1, 2021.

On March 5, 2021, Plaintiff filed its verified motion for entry of default (Doc. 8), arguing entry of default was appropriate pursuant to Rule 55(a). Defendant filed its motion for leave to file its answer out of time on March 8, 2021, attaching its answer (Doc. 9), and its motion to transfer venue (Doc. 12) the following day. Plaintiff also subsequently filed a motion to strike Defendant's motion to transfer or for an extension of time to respond. (Doc. 17.) The Court entered an order May 20, 2021, in which it granted Plaintiff's motion for entry of default, denied Defendant's motion for leave to file answer out of time, and denied the remaining two motions as moot. (Doc. 29.)

### Discussion

Plaintiff argues the Court "expressly concluded that Federal Insurance's failure to defend was not the result of excusable neglect" and thus it is entitled to default judgment. (Doc. 30.) More precisely, however, the Court's Order concluded that, in the context of the procedural posture and motion briefing then before the Court, balancing the mandatory nature of Rule 55(a) along with the factors to be considered in analyzing whether a showing of excusable neglect has been made and the judicial disfavor for default dispositions, "Defendant ha[d] not established excusable neglect." (Doc. 29.)

"Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 (8th Cir. 1997). "Default judgments . . . are not favored by the law." *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993) (citations omitted). The entry of default and a motion to set aside an entry of default are well within the sound discretion of the district court. *Id.* Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" A motion to set aside clerk's entry of default is subject to an even more lenient "good cause" standard than is a motion to set aside default judgment entered by the court. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *U.S. ex rel. Shaver v. Lucas W. Corp.*, 237 F.3d 932, 933 (8th Cir. 2001). Factors to be considered and weighed include "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008). "Any doubt about setting aside an entry of default should be resolved in favor of setting aside the entry of default." *Progressive Advanced Ins. Co. v. Rhodes*, No. 18-00615-CV-W-ODS, 2019 WL 5685685, at *1 (W.D. Mo. Mar. 14, 2019) (citing *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993)).

In consideration of the less stringent nature of the requirements to set aside default for good cause, in comparison to the more stringent concept of excusable neglect, weighing and balancing the requisite factors, and accounting for the strong judicial disfavor for default dispositions, the Court finds Defendant has established good cause to set aside the clerk's entry of default.

### Conclusion

Accordingly, the Court **ORDERS** as follows:

(1) Plaintiff New Prime, Inc.'s verified motion for default judgment (Doc. 30) is **DENIED.**

(2) Defendant Federal Insurance Company's motion to set aside clerk's entry of default (Doc. 36) is **GRANTED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 2, 2021