IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

NEW PRIME, INC., )
)
    Plaintiff, )
)
v. ) Case No. 6:21-03041-CV-RK
)
FEDERAL INSURANCE COMPANY, )
)
    Defendant. )

# ORDER

    Before the Court are Plaintiff New Prime, Inc.'s proposed bill of costs (Doc. 213), Defendant Federal Insurance Company's motion for new trial (Doc. 214), Defendant's motion for judgment NOV (Doc. 215), and Defendant's motion to stay proposed bill of costs (Doc. 216). For the reasons below, (1) Defendant's motion for new trial (Doc. 214) is **DENIED**; (2) Defendant's motion for judgment NOV (Doc. 215) is **DENIED**; (3) Plaintiff's proposed bill of costs (Doc. 213) is **GRANTED**; (4) Defendant's motion to stay proposed bill of costs (Doc. 216) is **DENIED**; and (5) the Clerk's Office is **ORDERED** to enter the taxation of costs in the amount of $18,816.76 against Defendant.

    Defendant's motion for new trial (Doc. 214) argues that the Court erred in (1) allowing Plaintiff to present evidence of notice at trial after the Court found that it failed to do so as a matter of law; (2) failing to realign the parties prior to trial; (3) failing to grant Defendant's motion for mistrial; and (4) giving improper jury instructions regarding the Missouri standard for prejudice. Rule 59(a)(1)(A) permits the Court to grant a new trial on all or some issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Rule 61 provides that "[u]nless justice requires otherwise, no error . . . by the court or a party--is ground for granting a new trial . . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."

    After careful review of the record and the parties' briefing on Defendant's motion for new trial, the Court finds that Defendant has not shown any error or defect affecting any party's substantial rights and that justice does not require the granting of a new trial.

Defendant's motion for judgment notwithstanding the verdict (Doc. 215) pursuant to Rule 50(b) argues that (1) the facts would not allow the jury to have a legally sufficient basis to find notice was reasonably given, and (2) Plaintiff did not present facts to rebut Defendant's proof of prejudice as a matter of law. Rule 50(b) permits Defendant to renew its Rule 50(a) motion after entry of judgment. Rule 50(a) in turn provides that a motion for judgment as a matter of law may be granted in cases tried to a jury only if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). The Court does not find so after careful review of the record and of the parties' briefing on Defendant's motion for judgment notwithstanding the verdict. As such, Defendant is not entitled to the entry of judgment notwithstanding the verdict in its favor.

Plaintiff proposes a bill of costs in the total amount of $18,816.76 to be taxed against Defendant. Federal Rule of Civil Procedure 54(d) provides that, other than attorneys' fees, costs "should be allowed to the prevailing party." *See* 28 U.S.C. § 1920 (enumerating costs that are recoverable). "A district court may tax the costs of deposition transcripts and videos if the deposition was necessarily obtained for use in a case and was not purely investigative." *Gonzalez v. Shahin*, 77 F.4th 1183, 1192 (8th Cir. 2023) (internal quotation marks omitted).

Defendant's motion to stay Plaintiff's proposed bill of costs argues that because Defendant intends to appeal this matter to the Eighth Circuit, the Court should stay any taxing of Plaintiff's proposed bill of costs pending the outcome of any and all appeals in this matter. In *Blakley v. Schlumberger Technology Corporation*, the Eighth Circuit held that because "costs are appealable separately from the merits," a court still has the power to award costs when an appeal on the merits is pending. 648 F.3d 921, 930 (8th Cir. 2011).

After careful review of the record and of the parties' briefing as to the taxation of costs, the Court finds Defendant is not entitled to a stay of the taxation of Plaintiff's bill of costs against Defendant.

## Conclusion

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's motion for new trial (Doc. 214) is **DENIED**,

(2) Defendant's motion for judgment NOV (Doc. 215) is **DENIED**,

(3) Plaintiff's proposed bill of costs (Doc. 213) is **GRANTED**,

(4) Defendant's motion to stay Plaintiff's proposed bill of costs (Doc. 216) is **DENIED**, and

(5) The Clerk's Office is **ORDERED** to enter the taxation of costs in the amount of $18,816.76 against Defendant.

**IT IS SO ORDERED.**

                                          s/ Roseann A. Ketchmark
                                          ROSEANN A. KETCHMARK, JUDGE
                                          UNITED STATES DISTRICT COURT

DATED: January 3, 2024